**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GLIMPSE LLC (DBA SKYLIGHT),

        Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

        Defendants.

Case No. 26-cv-08349

**COMPLAINT**

Plaintiff Glimpse LLC (dba Skylight) ("Skylight" or "Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

## I. JURISDICTION AND VENUE

1. This is an action for (1) trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. § 1125(a); (2) trademark infringement under 15 U.S.C. § 1114; (3) copyright infringement under 17 U.S.C. § 501(a) *et seq*; and (4) violation of Illinois Uniform Deceptive Trade Practice Act, 815 ILCS § 510/2, *et seq*.

2. This Court has subject matter jurisdiction over Skylight's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over the claim in this action that arises under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claim is so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores[1] shown in **Exhibit 1** operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offering shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold and actually shipped products that infringe Skylight's trade dress, copyright(s), and/or trademark to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Skylight substantial injury in the State of Illinois.

4. Joinder of the Defendants is proper pursuant to 35 U.S.C. § 299 and Fed. R. Civ. P. 20(a) as the Defendants are all offering for sale at least one of the same infringing products and this case will involve common questions of fact to all Defendants and the Defendants' infringing acts arise out of the same transaction, occurrence, or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale, or selling of the same and similar accused products, as described further herein.

## II. INTRODUCTION

5. This action has been filed by Skylight to combat e-commerce store operators who make, use, offer for sale, sell and/or import into the United States for subsequent sale or use, of the same unauthorized and unlicensed products, namely the ▮▮▮▮▮▮▮ shown in **Exhibit 1** (the

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

"Infringing Products") (annotations added), that infringe Skylights' trade dress, copyright(s), and or trademark.

6. Defendants create e-commerce stores operating under one or more Seller Aliases that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing customers. E-commerce stores operating under the Seller Aliases share unique identifiers, beyond selling the same infringing products, such as using the same and similar product images, advertising, design elements, and other similarities, establishing a logical relationship between them, suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their operation, including changing the names of their e-commerce stores and opening new stores. Skylight has filed this action to combat Defendants' infringement of its trademark, trade dress, and copyrights as well as to protect unknowing customers from purchasing Infringing Products over the Internet. Skylight has suffered actual damages and irreparable injury to its business. Skylight will continue to suffer substantial loss and irreparable injury unless and until Defendants are enjoined from their wrongful actions.

### III. THE PARTIES

7. Skylight is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 101A Clay Street, #144, San Francisco, CA 94111.

8. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Skylight. Skylight is informed and believes and thereon, alleges that Defendants reside in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems, or redistribute products from the

3

same or similar sources in those locations.

9.      Skylight is informed and believes and thereon, alleges that Defendants either individually or jointly operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto.  Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Skylight to discover Defendants' true identities and the exact interworking of their network.  If Defendants provide additional credible information regarding their identities, Skylight will take appropriate steps to amend the Complaint.

**IV.      GENERAL ALLEGATIONS**

10.      Skylight was founded in 2014 to make technologies that bring people together.  Its initial product, the Skylight® Frame, was the first digital frame that could be set up and activated in 60 seconds and enjoyed by a grandparent unfamiliar with digital technologies.

11.      Skylight's ███████████████████ ████████████████████████. Born out of conversations with customers ████████████████████████ ████████████████ ████████████████████████████████ ████████████████████████████████████████—now there are well over 200. The ████████ ███████████████████████████ In 2025, over ████████████ ████████████████████████████████████



12.      In addition to an innovative ████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████

13.      Since the summer of 2023, ████████████████████ ████████████████████████████████████

5

██████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████ ("Skylight Trade Dress"), as

shown in the example below, which it sells under the Skylight® mark.





14.     The Skylight Trade Dress serves to identify and distinguish Skylight's products from those of others.  Skylight has obtained strong common law rights in the Skylight Trade Dress.  The

Skylight Trade Dress is not only inherently distinctive, but also has acquired secondary meaning. Due to the overwhelming number of sales of ███████████ bearing the Skylight Trade Dress, with over 1.5 million units sold to date, the consuming public has come to associate the Skylight Trade Dress exclusively with Skylight.

15. The public's association of the Skylight Trade Dress has been enhanced by Skylight's advertising. This advertising, including advertising on the Skylight website, as shown in the examples below, prominently featuring pictures of Skylight's ███████████ bearing the Skylight Trade Dress, further cementing the public's association of the Skylight Trade Dress with Skylight.







16. This advertising also includes Skylight's Amazon pages for its ███████ ████████, including the following examples:

9





17.    Skylight also routinely creates displays and signage used at over 4,200 of its retail partner locations, including Costco, Walmart, Sam's Club, Best Buy, Target, and BJ's Wholesale Club that extensively display the Skylight Trade Dress.  An example of such a display at Costco is shown below:



18.     As a result of Skylight's widespread use and display of the Skylight Trade Dress in association with its ██████████████, (a) the public has come to recognize and identify the products bearing the Skylight Trade Dress as emanating from Skylight, (b) the public recognizes that products bearing the Skylight Trade Dress constitute high quality products that conform to the specifications created by Skylight, and (c) the Skylight Trade Dress has established strong secondary meaning and extensive goodwill.

19.     The Skylight Trade Dress is not functional.  The design features embodied by the Skylight Trade Dress are not essential to the use or purpose of the products. Many alternative designs for ██████████ exist.  Further, the utilization of the Skylight Trade Dress does not affect the cost or quality compared to other alternative designs that competitors could use for their own products.  Furthermore, it would not put competitors at a significant non-reputation-related disadvantage if they could not use the distinctive design of the Skylight Trade Dress in connection with their own products.

20.     After Skylight acquired rights in the Skylight Trade Dress, Defendants began selling ██████████████ that infringe the Skylight Trade Dress.  For example, the images below from Defendants' Amazon offerings shows examples of infringing ██████████████





21.     Defendants have copied the Skylight Trade Dress in an attempt to benefit from the immense goodwill Skylight has created in the marketplace.

22.     Skylight is informed and believes, and based thereon alleges, that Defendants intended to blatantly copy the Skylight Trade Dress in an attempt to benefit from the immense goodwill Skylight has created in the marketplace.

23.     Defendants' use of the Skylight Trade Dress in commerce is likely to cause

confusion, cause mistake, and deceive as to the affiliation, connection or association of Defendants and their products with Skylight when there is none.

24. In addition, Skylight is the owner of a valid copyright registration for promotional material, U.S. Copyright Registration No. ███████ (the "Skylight ████████ Copyright"), reproduced below. Attached hereto as **Exhibit 2** is a true and correct copy of Skylight's Copyright Registration No. ███████ and specimen, which is incorporated by reference herein.



25. Defendants 1 and 2 listed in Schedule A have also copied the Skylight ████████ Copyright in its Online Marketplaces and internet offerings, including on Amazon.com, as shown in **Exhibit 1** (green hashed annotations), including the example images reproduced below.

14



26.     In addition, Skylight is also the owner of a valid copyright registration for additional promotional material, U.S. Copyright Registration No. ███████ (the "Skylight ██████ ████████ Copyright"), reproduced below.  Attached hereto as **Exhibit 3** is a true and correct copy of Skylight's Copyright Registration No. ███████ and specimen, which is incorporated by reference herein.

15



27.     Defendants have also copied the Skylight ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Copyright in its Online Marketplaces and internet offerings, including on Amazon.com, as shown in **Exhibit 1** (purple hashed annotations), including the example images reproduced below.



16



28. The Skylight ████████████████ Copyright and Skylight ████████████
████████ Copyright are collectively referred to herein as the "Skylight Copyrights."

29. The Skylight Copyrights were widely and publicly available on Skylight's website at www.myskylight.com and on its Amazon.com listings. Skylight is informed and believes and based thereon alleges that Defendants accessed Skylight's website and/or Amazon listings prior to using the above-identified language and images on its online marketplace listings.

30. Further, Skylight is the owner of common law trademark rights in connection with its ████████████████████████████ Mark, which it has used at least as early as July 31, 2024 in connection with its ████████

17

31.     On ███████████, Skylight ███████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

32.     Reproduced below is an excerpt of the specimen submitted in connection with the application, which is a screen shot of Skylight's website showing use of the D███████████████

███████████████

33.     Skylight is also the owner of ████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████ in

connection with ████████████████████████████████████████████████

███████████████████████" A true and correct copy of the certificate of registration for the ████

█████████ is attached hereto as **Exhibit 4**.

34.     The ██████████████████████████████ Mark has not been abandoned,

18

cancelled, or revoked. The ▮▮▮▮▮▮▮▮▮▮▮ Mark constitutes an enforceable trademark that uniquely identifies products as emanating from, sponsored by, and/or authorized by Skylight.

35. The products sold by Skylight under the ▮▮▮▮▮▮▮▮▮▮▮ Mark have been widely advertised, promoted, and distributed to the purchasing public throughout the United States. Skylight extensively advertises and promotes its products under the ▮▮▮▮▮ ▮▮▮▮▮▮▮▮ Mark through its website, Amazon, social media, print, displays, customer events, and trade shows.

36. As a result of Skylight's substantial use and promotion of its ▮▮▮▮▮▮ ▮▮▮▮▮▮ as a distinctive trademark identifying Skylight's products, (a) the public has come to recognize and identify products bearing the ▮▮▮▮▮▮▮▮▮▮ Mark as emanating from Skylight, (b) the public recognizes that products bearing the ▮▮▮▮▮ ▮▮▮▮▮ Mark constitute high quality products that conform to the specifications created by Skylight, and (c) the ▮▮▮▮▮▮▮▮▮▮ Mark has established extensive goodwill.

37. Products sold under the ▮▮▮▮▮▮▮▮▮▮ Mark, by reason of the style and design and quality of workmanship, have come to be known to the purchasing public throughout the United States as representing products of high quality, which are sold under good merchandising and customer service conditions. As a result, the ▮▮▮▮▮▮▮▮ ▮▮ Mark, and the goodwill associated therewith, is of great value to Skylight.

38. Defendants 1 and 2 listed in Schedule A have advertised its products using the ▮▮▮ ▮▮▮▮▮▮ mark in its Online Marketplaces and internet offerings, including on Amazon.com, as shown in **Exhibit 1** (*see* blue hashed annotations), including the example images reproduced below.





39.     Skylight has identified numerous marketplace listings on e-commerce platforms, such as Amazon, which have offered for sale products infringing Skylight's Trade Dress, Skylight's Copyrights, and/or the ███████████████████████ Mark, including the e-commerce stores operating under the Seller Aliases. The Seller Aliases target consumers in this Judicial District and throughout the United States.  E-commerce sales, including e-commerce Internet stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States.  *See* **Exhibit 5**, U.S. Customs and Border Protection, *Intellectual Property Rights Seizure Statistics, Fiscal Year 2024*. According to Customs and Border Patrol's ("CBP") report, from Fiscal Year (FY) 2020 to FY 2024, the total number of goods seized for IPR violations has more than doubled. In addition to seizure, CBP executed 99,959 alternative enforcement

actions, such as abandonment and destruction. *Id.* China and Hong Kong are consistently the top two exporters for IPR seizures. In FY 2024, seizures from China and Hong Kong accounted for approximately 90% of the total quantity seized. *Id.* The vast majority of IPR seizures continue to take place within the express consignment and mail shipping methods. In FY 2024, 97% of IPR seizures in the cargo environment occurred in the de minimis shipments. *Id.* Counterfeit and pirated products account for billions of dollars in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

40. Marketplace platforms, like those used by Defendants, do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these Internet platforms." *See* **Exhibit 6**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020). Additionally, "Internet commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id*. at 25. Therefore, with the absence of regulation, Defendants may and do garner sales from Illinois residents by setting up and operating e-commerce Internet stores that target United States consumers using one or more aliases, offering shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold and actually shipped Infringing Products to residents of Illinois.

41. Skylight is informed and believes and thereon, alleges that Defendants operate through various online marketplace accounts and seller aliases. Based on information currently available through the online marketplaces, Plaintiff has not yet determined Defendants' complete identities or locations.

42. All the E-commerce stores operating under the Seller Aliases and infringing products for sale by the Seller Aliases bear similarities and indicia of being related to one another, suggesting

21

that the Infringing Products were manufactured by and come from a common source in China and that the Defendants are interrelated. For example, each of the Defendants' Online Marketplaces includes a link ███████████████ " and identify the brand of each product as a ██████ i" product.

43. Skylight is informed and believes and thereon, alleges that Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Skylight, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same products that infringe the Skylight Trade Dress, Skylight's Copyrights, and/or infringe the ████████████████████ Mark. Each e-commerce store operating under the Seller Aliases offers shipping to the United States, including Illinois, and each Defendant has sold infringing products in the United States and Illinois over the Internet, and actually shipped infringing products to Illinois.

44. Skylight is informed and believes and thereon, alleges that Defendants' acts complained of here are willful and deliberate.

45. Defendants' acts complained of herein have caused Skylight to suffer actual damages and irreparable injury to its business. Skylight will continue to suffer substantial loss and irreparable injury unless and until Defendants are enjoined from their wrongful actions complained of here.

## COUNT I
### TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125)

46. Skylight hereby repeats, realleges, and incorporates by reference Paragraphs 1–45 of this Complaint as if fully set forth herein.

22

47. This is a claim for trade dress infringement arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. The Skylight Trade Dress is non-functional and serves to designate the origin of Skylight's products. The Skylight Trade Dress is inherently distinctive.

49. As a result of the widespread use and promotion of Skylight's Trade Dress, the Skylight Trade Dress has acquired secondary meaning to consumers and potential consumers, in that consumers and potential consumers have come to associate the Skylight Trade Dress with Skylight and its products.

50. Skylight has valid trade dress rights in the Skylight Trade Dress, which are protected by Section 43(a) of the Lanham Act.

51. Subsequent to Skylight's use and adoption of the Skylight Trade Dress, Defendants have manufactured, packaged, imported, offered for sale and/or sold ▮▮▮▮▮▮▮▮ that uses trade dress that is confusing similar to the Skylight Trade Dress (*see, e.g.*, **Exhibit 1**, red annotations; **Exhibit 7** (side-by-side comparison of Skylight Trade Dress and exemplary infringing products) and is likely to cause consumer confusion as to the source of Defendants' ▮▮▮▮▮▮ ▮▮▮▮▮▮▮

52. Defendants display the infringing ▮▮▮▮▮▮ that it offers for sale on the internet, including on Amazon.com. Skylight is informed and believes, and based thereon, alleges that the infringing products appear in the product listings for Defendants' ▮▮▮▮▮▮ on numerous internet offerings under various SKUs. Skylight is informed and believes, and based thereon alleges, that Defendants had actual knowledge of Skylight's ownership and prior use of the Skylight Trade Dress

53. Defendants' use and sale of essentially identical ▮▮▮▮▮▮ (see, e.g., **Exhibit 1**, red annotations) is likely to cause consumer confusion as to the source of Defendants' ▮▮▮

████████ products.

54.     Accordingly, Defendants' sale of an essentially identical ████████████ infringes Skylight's trade dress rights.

55.     Skylight is informed and believes and thereon, alleges that Defendants' acts of trade dress infringement were willfully undertaken with the express purpose of causing consumer confusion as to the source of Defendants' ████████████ so that Defendants could take unfair advantage of Skylight's reputation and goodwill by causing confusion and mistake among customers and the public to deceive the public into believing that Defendants' products are associated with, sponsored by, originated from, or are approved by Skylight, when they are not, resulting in a loss of reputation in, and mischaracterization of, Skylight's products and its brand, damaging its marketability and saleability.

56.     Defendants' activities constitute willful and intentional infringement of the Skylight Trade Dress rights in total disregard of Skylight's proprietary rights and were done despite Defendants' explicit knowledge that the use and sale of the Skylight Trade Dress was and is in direct contravention of Skylight's rights.

57.     Skylight is informed and believes and thereon, alleges that Defendants have derived and received gains, profits, and advantages from their trade dress infringement in an amount that is not currently known to Skylight.  Moreover, Defendants' actions have damaged Skylight in an amount to be determined at trial.

58.     Skylight is entitled to its reasonable attorney's fees for the necessity of bringing its claims.

59.     Further, Defendants' trade dress infringement has caused Skylight to suffer, and continue to suffer, great and irreparable injury for which Skylight has no adequate remedy at law.

**COUNT II**

24

**COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 501(a)*, et seq*)**

60.     Skylight hereby repeats, realleges, and incorporates by reference Paragraphs 1–59 of this Complaint as if fully set forth herein.

61.     This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, *et seq.*

62.     Skylight owns a valid, enforceable copyright in the Skylight Copyrights, which contains copyrightable subject matter under 17 U.S.C. §§ 101, *et seq.*

63.     Skylight has complied with the registration requirements of 17 U.S.C. § 411(a) for the Skylight Copyrights, and has obtained Copyright Registration Nos. ▮▮▮▮▮▮▮ and ▮▮▮▮ ▮▮▮▮

64.     The Skylight Copyrights have significant value and have been produced and created at considerable expense.  The Skylight Copyrights are Skylight's original work.

65.     Skylight, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including, but not limited to, Skylight's copyrighted works, including derivative works.

66.     Defendants' unlawful reproduction of one or both of Skylight's proprietary Skylight Copyrights constitutes copyright infringement. (*see, e.g.*, **Exhibit 1**, green hashed annotations and purple hashed annotations; **Exhibits 8 and 9** (side-by-side comparison of the Skylight Copyrights and exemplary infringing marketplace listings). Skylight is informed and believes, and based thereon alleges, that Defendants had access to one or both of the Skylight Copyrights through Skylight's normal business activities. After accessing the Skylight Copyrights, Defendants wrongfully reproduced and distributed one or both of the Skylight Copyrights (in substantially similar form), and advertised, distributed, and/or displayed the Skylight Copyrights, without Skylight's consent.

67.     Defendants' deliberate copying of one or both of the Skylight Copyrights has infringed and continues to infringe Skylight's copyright in violation of 17 U.S.C. § 501(a). Defendants are directly infringing Skylight's exclusive right to produce copies, make derivative works, and distribute copies of one or both of its Skylights Copyrights under 17 U.S.C. § 106(1)–(3).

68.     Skylight is informed and believes, and on that basis alleges, that Defendants' infringement has been willful and deliberate.

69.     The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts, and have been willful, intentional, and in disregard of and with indifference to Skylight's rights.

70.     As a result of Defendants' infringement of Skylight's exclusive rights under its copyright(s), Skylight is entitled to damages as well as Defendants' profits, pursuant to 17 U.S.C. § 504(b).

71.     Defendants, by their actions, have irreparably injured Skylight.  Such irreparable injury will continue unless Defendants are permanently enjoined by this Court from further violation of Skylight's rights, for which Skylight has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502–503, Skylight is entitled to injunctive relief prohibiting Defendants from further infringing one or both of the Skylight Copyrights and ordering that Defendants destroy all unauthorized copies.  Defendants' embodiments of one or both of the Skylight Copyrights should be impounded and forfeited to Skylight under 17 U.S.C. § 503.

## COUNT III
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(a))

72.     Skylight hereby repeats, realleges, and incorporates by reference Paragraphs 1–71 of this Complaint as if fully set forth herein.

73. This is a claim for common law trademark infringement arising under 15 U.S.C. § 1125(a) against Defendants 1 and 2 listed in Schedule A.

74. By advertising its products using the mark ██████████████████ ██████ (*see* **Exhibit 1**, blue hashed annotations), Defendants have infringed the ████████ ██████████████████ Mark.

75. In particular, by using the identical mark in connection with the sale of goods that are essentially identical to those of Skylight, Defendants are very likely to cause consumer confusion as to the source of Defendants' ████████████

76. Skylight is informed and believes and thereon, alleges that Defendants' acts of trademark infringement were willfully undertaken with the express purpose of causing consumer confusion as to the source of Defendants' ██████████████████████ so that Defendants could take unfair advantage of Skylight's reputation and goodwill by causing confusion and mistake among customers and the public to deceive the public into believing that Defendants' products are associated with, sponsored by, originated from, or are approved by Skylight, when they are not, resulting in a loss of reputation in, and mischaracterization of, Skylight's products and its brand, damaging its marketability and saleability.

77. Defendant's activities constitute willful and intentional infringement of the ██████ ████████████████████████ in total disregard of Skylight's proprietary rights and were done despite Defendants' knowledge that the use of the ██████████████████████ ██████ was, and is, in direct contravention of Skylight's rights.

78. Skylight is informed and believes and thereon, alleges that Defendants have derived and received gains, profits, and advantages from its trademark infringement in an amount that is not currently known to Skylight. Moreover, Defendants' actions have damaged Skylight in an amount to be determined at trial.

27

79. Further, Defendants' trademark infringement has caused Skylight to suffer, and continue to suffer, great and irreparable injury for which Skylight has no adequate remedy at law.

**COUNT IV**
**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

80. Skylight hereby repeats, realleges, and incorporates by reference Paragraphs 1–79 of this Complaint as if fully set forth herein.

81. This is a claim for trademark infringement of Skylight's federally registered trademark, the ███████████, arising under 15 U.S.C. § 1114 ) against Defendants 1 and 2 listed in Schedule A.

82. By advertising its products using the mark ███████████████████ ██████ (*see* **Exhibit 1**, blue hashed annotations), Defendants have infringed the ████████ ████████████████████ Mark.

83. In particular, by using the identical mark in connection with the sale of goods that are essentially identical to those of Skylight, Defendants are very likely to cause consumer confusion as to the source of Defendants' ████████████.

84. Skylight is informed and believes and thereon, alleges that Defendants' acts of trademark infringement were willfully undertaken with the express purpose of causing consumer confusion as to the source of Defendants' █████████████████████ so that Defendants could take unfair advantage of Skylight's reputation and goodwill by causing confusion and mistake among customers and the public to deceive the public into believing that Defendants' products are associated with, sponsored by, originated from, or are approved by Skylight, when they are not, resulting in a loss of reputation in, and mischaracterization of, Skylight's products and its brand, damaging its marketability and saleability.

85. Defendant's activities constitute willful and intentional infringement of the ████

████████████████ Mark in total disregard of Skylight's proprietary rights and were done despite Defendants' knowledge that the use of the ████████████████████ ███ was, and is, in direct contravention of Skylight's rights.

86.     Skylight is informed and believes and thereon, alleges that Defendants have derived and received gains, profits, and advantages from its trademark infringement in an amount that is not currently known to Skylight.  Moreover, Defendants' actions have damaged Skylight in an amount to be determined at trial.

87.     Further, Defendants' trademark infringement has caused Skylight to suffer, and continue to suffer, great and irreparable injury for which Skylight has no adequate remedy at law.

88.     Pursuant to 15 U.S.C. § 1117, Skylight is entitled to damages for Defendants' infringing acts, up to three times actual damages as fixed by this Court, and its reasonable attorneys' fees for the necessity of bringing this claim.

## COUNT V
## FALSE DESIGNATION OF ORIGIN AND FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

89.     Skylight hereby repeats, realleges, and incorporates by reference Paragraphs 1–88 of this Complaint as if fully set forth herein.

90.     This is a claim for unfair competition, and false designation of origin under 15 U.S.C. § 1125(a).

91.     Defendant's use of the ████████████████████████ Mark and/or the Skylight Trade Dress without Skylight's consent each constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which (1) is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Skylight, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Skylight, and (2) in commercial advertising or promotion, misrepresents

29

Case: 1:26-cv-08349 Document #: 1 Filed: 07/15/26 Page 30 of 36 PageID #:30

the nature, characteristics, qualities, or geographic origin of Defendants' goods or commercial activities, in violation of 15 U.S.C. § 1125(a).

92.     In particular, by using the ███████████████████████ Mark in connection with the sale of goods that infringe the Skylight Trade Dress, Defendants are very likely to cause consumer confusion as to the source of Defendants' ███████████████

93.     Such conduct by Defendants is likely to confuse, mislead, and deceive Defendants' customers, purchasers, and members of the public as to the origin of Defendants' products, the origin of the ███████████████████████ Mark and Skylight Trade Dress, and cause said persons to mistakenly believe that Defendants and/or their products have been sponsored, approved, authorized, or licensed by Skylight or are in some way affiliated or connected with Skylight, all in violation of 15 U.S.C. § 1125, and constitutes false designation of origin and unfair competition with Skylight.

94.     Skylight is informed and believes and thereon, alleges that Defendants' actions were undertaken willfully with full knowledge of the falsity of such designation or origin and false descriptions or representations.

95.     Skylight is informed and believes and thereon, alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements, descriptions of fact, false or misleading representations of fact, and unfair competition in an amount that is not presently known to Skylight.  By reason of Defendants' actions constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and unfair competition, Skylight has been damaged and is entitled to monetary relief in an amount to be determined at trial.

96.     Due to Defendants' actions constituting false designation or origin, false or

misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and unfair competition, Skylight has suffered and continues to suffer great and irreparable injury for which Skylight has no adequate remedy at law.

## COUNT VI
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510/2, *et seq.*)

97.     Skylight hereby repeats, realleges, and incorporates by reference Paragraphs 1–96 of this Complaint as if fully set forth herein.

98.     Defendants have engaged in acts violating Illinois law including, but not limited to, causing likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with Skylight representing that their products have Skylight's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

99.     Defendants knew, or by the exercise of reasonable care should have known, that their past, current, and continuing advertising, marketing, promotion, distribution, display, offering for sale, sale and/or otherwise dealing in goods using the ████████████████████████ Mark and/or the Skylight Trade Dress has and will continue to cause confusion and mistake, or deceive purchasers, users, and the public.

100.    Skylight has no adequate remedy at law, and Defendants' conduct has caused Skylight to suffer damage to its reputation and goodwill. Unless enjoined by this Court, Skylight will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Skylight prays for judgment against Defendants as follows:

A.      That the Court renders a final judgment in favor of Skylight and against Defendants on all claims for relief alleged herein;

B.      That the Court find for Skylight and against Defendants on Skylights' claim of trade dress infringement under 15 U.S.C. § 1125(a), and adjudge that Defendants have infringed the Skylight Trade Dress;

C.      That the Court find for Skylight and against Defendant on Skylight's claim for trademark infringement under 15 U.S.C. § 1125(a), and adjudge that Defendants 1 and 2 listed in Schedule A have infringed the ███████████████████████ Mark;

D.      That the Court find for Skylight and against Defendant on Skylight's claim for trademark infringement under 15 U.S.C. § 1114, and adjudge that Defendants 1 and 2 listed in Schedule A have infringed the █████████;

E.      That the Court finds for Skylight and against Defendants on Skylight's claim of false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

F.      That Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

  1.    using the ███████████████████ Mark or any mark confusingly similar thereto;

  2.    using the Skylight Trade Dress or any trade dress that is confusingly similar thereto;

  3.    falsely designating the origin of Defendants' goods;

  4.    unfairly competing with Skylight in any manner whatsoever;

  5.    causing a likelihood of confusion or injuries to Skylight's business reputation;

  6.    manufacturing, using, displaying, distributing, marketing, advertising, and/or selling any goods bearing any of the ████████████;

██ or any mark confusingly similar thereto;

G.     That an accounting be ordered to determine Defendants' profits resulting from their trade dress infringement, trademark infringement, false designation of origin, and/or unfair competition;

H.     That Skylight be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including:

1.     All profits received by Defendants from sales and revenues of any kind made as a result of their infringing actions, said amount to be trebled;

2.     All damages sustained by Skylight as a result of Defendants' acts of trade dress infringement, trademark infringement, false designation of origin, and/or unfair competition, and that such damages be trebled; and,

3.     The costs of this action;

I.     That such damages and profits be trebled and awarded to Skylight pursuant to 15 U.S.C. § 1117;

J.     Entry of an Order that, upon Skylight's request, any third party with actual notice of the Order who is providing services for any of the Defendants, or in connection with any of the Defendants' Online Marketplaces, including without limitation, any online marketplace platforms such as Amazon (collectively, the "Third Party Providers") shall:

1.     disable and cease providing services for any accounts through which Defendants engage in the sale of the Infringing Products or other products that are not colorably different from such products, including any accounts associated with Defendants listed on Schedule A;

2.     disable and cease displaying any advertisements used by or associated with

Defendants in connection with the sale of the Infringing Products or other products that are not colorably different from such products;

3. Take all steps necessary to prevent links to the online marketplace accounts identified in Schedule A from displaying in search results, including, but not limited to, removing links to the URLs from any search index;

K. An Order adjudging that this is an exceptional case;

L. An Order for trebling of damages and/or exemplary damages because of Defendants' willful conduct pursuant to 15 U.S.C. § 1117;

M. An award to Skylight of the attorneys' fees, expenses, and costs incurred by Skylight in connection with this action pursuant to 15 U.S.C. § 1117;

N. That the Court render final judgment declaring that Defendants have violated and willfully violated 17 U.S.C. § 501(a) by infringing one or both of Skylight's Copyrights;

O. That Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

1. using the Skylight Copyrights or any reproduction, copies, or colorable imitations thereof in any manner with the distribution, advertising, offering for sale, or sale of any product that is not an authorized Skylight ▓▓▓▓▓▓ or is not authorized by Skylight to be sold in connection with the Skylight Copyrights;

2. selling, passing off, inducing or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Skylight and approved by Skylight under the Skylight Copyrights;

3. further infringing the Skylight Copyrights and damaging Skylight's goodwill;

4. shipping, delivering, holding for sale, transferring, or otherwise moving, storing,

34

distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Skylights to be sold or offered for sale, and which directly use the Skylight Copyrights and which are derived from Skylight's copyright in the Skylight Copyrights; and

5. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplaces, or any other online marketplace account that is being used to sell products or inventory not authorized by Skylight which are derived from Skylight's copyright in the Skylight Copyrights.

P. That Skylight be awarded its damages and Defendants' profits under 17 U.S.C. § 504, as well as enhanced damages pursuant to 17 U.S.C. § 504.

Q. Entry of an Order that, upon Skylight's request, any third party with actual notice of the Order who is providing services for any of the Defendants, or in connection with any of the Defendants' Online Marketplaces, including without limitation, any online marketplace platforms such as Amazon shall:

1. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Skylight which reproduce the Skylight Copyrights or are derived from the Skylight Copyrights, including any accounts associated with the Defendants listed in Schedule A;

2. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Skylight which are derived from the Skylight Copyrights;

3. take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendants' accounts from any search index;

35

R.      That the Court finds for Skylight and against Defendants on Skylight's claim of deceptive trade practices under 815 ILCS § 510/2, *et seq*.;

S.      An award of pre-judgment and post-judgment interest and costs of this action against Defendants; and

T.      Such other and further relief as this Court may deem just and proper.

Skylight demands trial by jury as to all causes of action so triable.

Dated: July 15, 2026                                          Respectfully submitted,

/s/      James E. Judge
Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 6346961)
FLENER IP LAW, LLC
77 W. Washington St., Ste. 800
Chicago, IL 60602
(312) 724-8874
jjudge@fleneriplaw.com

Marko R. Zoretic (CA Bar. No. 233952)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Counsel for Plaintiff Glimpse LLC (dba Skylight)*

36